902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
D'Jean P. REED, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 90-3116.
 United States Court of Appeals, Federal Circuit.
 April 9, 1990.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and ARTHUR L. ALARCON,* Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals from a final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SF07528810831, in which the Board affirmed the holding of the administrative judge that the petition should be dismissed on the ground that it was untimely filed. We affirm.
 
 OPINION
 
 2
 On June 12, 1985, Mrs. Reed and the Social Security Administration entered into a settlement agreement, which provided for her voluntary retirement effective July 2, 1985. In 1986, she filed a petition with the MSPB, appealing a decision by the Office of Personnel Management (OPM), regarding her retirement pay, on the ground that it had been incorrectly computed. The decision of the OPM was upheld by the MSPB and on appeal to this court, we affirmed the MSPB's decision. See Reed v. Office of Personnel Management, 32 M.S.P.R. 290 (1987), aff'd., 837 F.2d 1097 (Fed.Cir.1987) (Table).[1]
 
 
 3
 On August 21, 1988, Mrs. Reed filed the petition in issue here with the MSPB. She alleged that her retirement in 1985 was involuntary, because the settlement agreement entered into with the agency was forged and had been altered after she had signed it.
 
 
 4
 The regulations require that appeals be filed no later than 20 calendar days after the effective date of the action appealed. 5 C.F.R. Sec. 1201.22(b). The administrative judge found that the petitioner's appeal in this case was over three years late. He also found that Mrs. Reed was aware of the alleged alterations to the settlement agreement in 1986 when she filed her first appeal. This finding is amply supported by substantial evidence. In its 1987 decision on petitioner's 1986 appeal, the MSPB noted that one of the issues raised in her petition was the agency's alleged material alteration of the settlement agreement and its effect on her retirement annuity. However, the Board held that it had no jurisdiction over this claim because the issue had not been raised with the OPM and could not be considered by the Board for the first time on appeal. In our unpublished decision of December 17, 1987, we also referred to petitioner's allegation that the settlement agreement had been altered, and we upheld the MSPB's decision that it had no jurisdiction over the claim.
 
 
 5
 The administrative judge also found that Mrs. Reed had failed to show that she had exercised diligence or ordinary prudence after she knew that her retirement might be rendered involuntary because of the alleged alteration of the settlement agreement. Therefore, he held that she had failed to establish good cause for waiving the filing requirement. This court has repeatedly held that a determination as to whether the regulatory time limit for an appeal should be waived in a particular case, is a matter committed to the Board's discretion, and that we will not disturb the Board's decision in the absence of a showing that it was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. See Phillips v. United States Postal Serv., 695 F.2d 1389 (Fed.Cir.1982); Gordy v. Merit Sys. Protection Bd., 736 F.2d 1505 (Fed.Cir.1984). After careful consideration of the record in this case, we conclude that petitioner has failed to make the showing which is required for a reversal of the Board's decision.
 
 
 
 *
 The Honorable Arthur L. Alarcon, United States Court of Appeals for the Ninth Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 293(a)
 
 
 [1]
 A copy of our unpublished decision of December 17, 1987, is included in respondent's appendix at 31-33