904 F.2d 46
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Franklin D. BEASLEY, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 90-3068.
 United States Court of Appeals, Federal Circuit.
 May 25, 1990.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and ARTHUR L. ALARCON,* Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from a final decision of the Merit Systems Protection Board (MSPB or Board), No. CH03518910282, in which the Board affirmed the holding of the administrative judge dismissing the petition. We affirm.
 
 OPINION
 
 2
 * In 1982, petitioner, Beasley, was serving as an audit manager, GM-511-13, with the United States Air Force (Air Force) at Scott Air Force Base in Illinois. Pursuant to a consolidation by the agency, his position was designated for transfer to Norton Air Force Base in California. He refused to transfer and also declined the agency's offer to reassign him to the same position in a lower grade at Scott Air Force Base. Instead, he submitted an application to the Office of Personnel Management (OPM), for Discontinued Service Retirement (DSR). After receiving a notice of proposed separation from the Air Force, petitioner acknowledged his intent to be voluntarily separated from the service. He was officially removed, effective January 13, 1984. On January 21, 1989, more than five years later, he appealed to the MSPB, which upheld the agency's decision.
 
 II
 
 3
 Pending proceedings which led to his discharge, the Air Force detailed him to a GS-511-12, auditor position, at Scott Air Force Base, without loss of pay, from August 12, 1983, to January 13, 1984, the date of his separation. Petitioner's first contention before the MSPB was that the detail was in fact a demotion, and that the MSPB erred in holding it had no jurisdiction of his demotion claim. We agree that the claim was not within the jurisdiction of the MSPB. See Chance v. Federal Aviation Admin., 5 M.S.P.R. 277, 279 (1981). During the detail, Mr. Beasley continued to receive the same salary as before, including a merit pay increase during the interval.
 
 III
 
 4
 Pursuant to 5 U.S.C. Sec. 1201.22(b), a petition for appeal must be filed within 20 days from the date of the action being appealed. Petitioner was separated from service on January 13, 1984, but did not appeal until January 21, 1989, over five years later.
 
 
 5
 Where good cause is shown, the 20 day limit may be waived. 5 C.F.R. Secs. 1201.12, .22(c). Petitioner alleges that he was "estopped by the Air Force, the OPM, and the MSPB" from filing an appeal as to his involuntary termination because he was pursuing his DSR claim. However, there is no finding by the MSPB that petitioner demonstrated that the elements necessary to estop the Government were present in his case. See Heckler v. Community Health Servs., 467 U.S. 51 (1984). We agree with the MSPB's rejection of this contention. We find no reason why his DSR claim would have any bearing on his ability to timely file a claim based on his separation, since the two claims are entirely different.
 
 
 6
 Further, the Board found no other circumstances which warranted his delay in bringing the termination claim. A determination as to whether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the Board's discretion and we will not disturb such a decision in the absence of a showing that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. See Phillips v. United States Postal Serv., 695 F.2d 1389 (Fed.Cir.1982); Gordy v. Merit Sys. Protection Bd., 736 F.2d 1505 (Fed.Cir.1984). Petitioner has failed to make the required showing in this case.
 
 IV
 
 7
 Beasley also contests the separate docketing in the MSPB of his DSR claim and his demotion and termination claims. However, petitioner fails to explain how separation of the claims will prejudice his case. He has not shown that this action was arbitrary, capricious, an abuse of discretion, or otherwise not supported by law. 5 U.S.C. Sec. 7703(c). Further, his DSR claim is currently pending in the OPM as a result of a December 28, 1989, decision by the MSPB, which remanded the claim to the OPM.