92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark D. BURCH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3046.
 United States Court of Appeals, Federal Circuit.
 July 12, 1996.
 
 Before MICHEL, RADER, and SCHALL, Circuit Judges.
 
 Decision
 
 1
 Mark D. Burch appeals from the August 1, 1995 decision of the Merit Systems Protection Board (Board), No. DA-0752-95-0632-I-1, dismissing the appeal of his removal as untimely filed and declining to review an arbitrator's decision as beyond the Board's jurisdiction. The Administrative Judge's (AJ) initial decision became the final decision of the Board when, on November 2, 1995, Burch's petition for review by the full Board was denied. Because the AJ did not abuse his discretion in concluding that Burch failed to demonstrate good cause for filing his appeal 15 months late, and did not err in concluding that U.S. Postal Service employees cannot seek review of arbitrator decisions under 5 U.S.C. § 7121, we affirm.
 
 Background
 
 2
 The Postal Service removed Burch from his position of mechanic, effective January 31, 1994, based on a charge of failure to follow instructions resulting in absence without leave. The agency's decision letter notified Burch of his right to appeal to the Board, but incorrectly stated that the 20-day period for doing so commenced to run on May 24, 1993,[1] instead of January 31, 1994, the effective date of his removal. The letter also informed Burch of his right to file a grievance.
 
 
 3
 Burch promptly filed a grievance after receiving the decision letter. The grievance was processed through arbitration. During the grievance process, Burch's union representative contended that the agency, among other things, failed "in effect" to inform Burch of his appeal rights by misstating the time within which to file an appeal. On November 17, 1994, the arbitrator issued a decision denying Burch's grievance and upholding the removal on the merits. Burch filed his appeal with the Board on May 31, 1995, over six months after issuance of the arbitration decision and 15 months after his removal. Because the appeal appeared to be untimely filed, the AJ issued Burch a standard acknowledgment order requiring submission of evidence and argument showing either that his appeal was timely filed or that good cause existed for the delay. In response, Burch stated that (a) the notice of proposed removal failed to notify him of his appeal rights, (b) the letter of decision stated the wrong start date for the period within which to file an appeal, and (c) he wanted the Board to review the arbitrator's decision for alleged agency discriminatory practice.
 
 
 4
 The AJ dismissed Burch's appeal for lack of timeliness. Specifically, the AJ found that Burch had filed his appeal 15 months after the deadline and concluded that he failed to demonstrate good cause for the delay. As to Burch's contention that the proposed removal letter failed to provide him notice of his appeal rights, the AJ noted that there is no requirement that the agency's notice of proposed removal inform an employee of his appeal rights to the Board.
 
 
 5
 The decision letter, which presented a matter appealable to the Board, did contain notice of appeal rights, although the specific date was misstated. The AJ held, however, that the agency's misstatement as to the deadline for filing the appeal did not justify Burch's 15-month delay. The AJ noted that the notice accompanying the decision letter provided Burch with the correct address of the Board, a copy of the Board's regulations, and a form for his use in filing an appeal. Furthermore, the AJ noted that, Burch's representative argued during the grievance process that the agency's statement "as a preference eligible, you have the right to appeal to the Merit Systems Protection Board no later than 20 days from May 24, 1993," did not "in effect" inform Burch of his appeal rights to the Board. Accordingly, Burch knew of his appeal rights "[m]ore than four months" prior to filing the appeal.
 
 
 6
 Finally, the AJ concluded that Burch's request that the Board review the arbitrator's decision was untimely, inasmuch as it was not filed within 25 days after the date of the decision. 5 C.F.R. § 1201.154(d) (1994). In the alternative, the AJ concluded that, even if Burch had made a timely request for review, his status as a Postal Service employee would have barred review under 5 C.F.R. § 1201.154(d), the regulation which implements 5 U.S.C. § 7121(d).
 
 
 7
 Burch timely filed a petition for review, arguing that a medical condition affected his ability to timely file his appeal. He submitted a letter by his ex-wife detailing his medical condition following his removal. There was no explanation, however, as to why the letter was not, or could not have been, made available to the AJ before the record closed. On November 2, 1995, the Board denied Burch's petition for review.
 
 Timeliness
 
 8
 At the time of Burch's removal, the Board's regulations required an employee to file an appeal within 20 days after the effective date of the adverse action. 5 C.F.R. § 1201.22(b) (1994). He was removed effective January 31, 1994, which would have made the filing deadline for his appeal February 21, 1994.[2]
 
 
 9
 Burch's appeal was postmarked May 31, 1995, more than 15 months after the filing deadline had expired.
 
 
 10
 The Board will dismiss an untimely appeal "unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). This court has previously held that "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). "[W]e will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Id. (citing 5 U.S.C. § 7703(c)). Delay may be excused where the petitioner can demonstrate diligence or ordinary prudence, but the burden to so demonstrate lies with the petitioner. Id.
 
 
 11
 Burch argues that the misstatement in his removal letter regarding the date on which the time for filing began to run rendered the notice ineffective. Thus, according to Burch, he acted with ordinary prudence in filing his appeal when he did. We cannot agree. Failure by the agency to notify an employee of his appeal rights may constitute good cause for the employee's failure to file a timely appeal; however, the employee must file his appeal within the time limits once he becomes aware of the basis of his claim. Gordy v. Merit Sys. Protection Bd., 736 F.2d 1505 (Fed.Cir.1984). Here, it is clear that, during the arbitration, Burch recognized his rights to appeal. He still failed, however, to file an appeal for more than six months after the arbitrator's unfavorable decision.
 
 
 12
 Burch argued before the full Board that his appeal was untimely due to his medical condition. He included medical records in his petition for review before the full Board. However, most of this evidence addressed his medical condition prior to his removal, and thus does not help to account for his post-removal delay. He also submitted to the Board a letter from his ex-wife detailing his physical and psychological condition following his removal. He did not argue, however, that this evidence was unavailable before the record closed. Finally, Burch timely filed and prosecuted a grievance during the time for filing an appeal, suggesting that he was capable of timely pursuing his appeal rights. Under these circumstances, we cannot concluded that the full Board committed reversible error in declining to accept Burch's petition for review.
 
 
 13
 Burch also alleges that new evidence relevant to the merits of his appeal has been discovered. He fails, however, to substantiate the nature of this allegedly new evidence, nor does he indicate why it could not have been obtained at an earlier date or why it has any bearing on the AJ's dismissal for lack of timeliness. This claim thus has little, if any, relevance to his appeal. See Azarkhish v. Office of Personnel Management, 915 F.2d 675 (Fed.Cir.1990). Furthermore, this court can only consider those materials that were before the Board unless the submitted materials serve "to correct an omission or misstatement by the MSPB," neither of which are at issue in this case. McGarigle v. United States Postal Serv., 904 F.2d 687, 689 n. 2 (Fed.Cir.1990).
 
 
 14
 For the foregoing reasons, we discern no abuse of discretion in the AJ's decision to dismiss Burch's appeal as untimely filed.
 
 Review of the Arbitrator's Decision
 
 15
 In his appeal to the Board, Burch argued that the Board should also review the arbitrator's decision because of agency discriminatory practices. This Board has the power to entertain appeals of this type under 5 C.F.R. § 1201.154(d), the regulation that implements 5 U.S.C. § 7121(d). Under these provisions, an employee who has filed a grievance challenging an appealable action may seek Board review of the final grievance decision if the employee alleges that the appealable action was the result of prohibited discrimination. We have held, however, that neither section 7121 nor its implementing regulations apply to adverse actions taken by the Postal Service. Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498 (Fed.Cir.1987). We thus discern no error in the AJ's conclusion that Burch had not raised an appealable claim under 5 U.S.C. § 7121. We affirm.
 
 
 
 [1]
 The significance of this date, if any, is not explained in the notification letter
 
 
 [2]
 February 20, 1994 was a Sunday which, according to the regulation, makes the filing date the first work day after that date. 5 C.F.R. § 1201.23