**Margaret F. TURNER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3337.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2002.

Rehearing and Rehearing En Banc Denied Jan. 23, 2003.

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Margaret F. Turner petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal as untimely. The Board dismissed Ms. Turner's appeal after it concluded that she had failed to demonstrate good cause for not filing her appeal until almost a year had passed after the thirty day deadline set forth in 5 C.F.R. § 1201.22(b). *Turner v. Merit Sys. Prot. Bd.*, No. PH–0752–01–0091–B–1 (M.S.P.B. May 29, 2002). We *affirm*.

DISCUSSION

I.

Ms. Turner was employed by the United States Postal Service ("agency") as a full-time Mail Handler, until she was removed from that position effective November 19, 1999, for failure to follow instructions. In its notice of removal, the agency informed Ms. Turner of her right to file a grievance under the negotiated grievance procedure, but did not inform her that she might have the right to appeal to the Board as a preference-eligible employee because she was the widow of a veteran.

On December 13, 2000, Ms. Turner appealed her removal to the Board. In an initial decision, the administrative judge ("AJ") to whom the case was assigned dismissed the appeal for lack of jurisdiction, finding that Ms. Turner had not established that she was a preference-eligible employee who was entitled to appeal to the Board. Ms. Turner filed a petition for review with the Board. The Board remanded the case to the AJ, with instructions to provide Ms. Turner with an

opportunity to establish that she was the unmarried widow of a statutorily defined veteran and thus preference eligible.

On remand, in an initial decision dated March 15, 2002, the AJ determined that the Board had jurisdiction based on evidence presented by Ms. Turner to establish her preference eligibility. However, he dismissed her appeal as untimely filed. The AJ noted that Ms. Turner had not shown that good cause existed for waiving the time limit for filing her appeal. Specifically, the AJ noted that Ms. Turner filed her appeal almost a year after the thirty day deadline set forth in 5 C.F.R. § 1201.22(b) had passed. The AJ stated that this extensive delay, together with Ms. Turner's refusal to specify when she learned of her Board appeal rights, showed that Ms. Turner had not exercised due diligence in the case. The AJ also determined that Ms. Turner had not established that her medical conditions precluded her from filing a timely appeal, or from requesting an extension of the deadline. As a result, the AJ dismissed her appeal as untimely.

The AJ's initial decision became the final decision of the Board on May 29, 2002, when the Board denied Ms. Turner's petition for review. Ms. Turner has timely petitioned for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health &*

*Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). The decision of the Board in this case is none of these.

## III.

"Whether the regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed.Cir.1994) (quoting *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992)). We have recognized that even when an employee is not provided with notice of appeal rights by an employing agency, a dismissal based on untimeliness may be proper if the employee fails to act promptly and within the allowable time limits after he or she becomes aware of those rights. *See Gordy v. Merit Sys. Prot. Bd.*, 736 F.2d 1505, 1508 (Fed. Cir.1984).

In this case, although the agency's removal notice did not inform Ms. Turner of her right to appeal to the Board, Ms. Turner failed to show that she acted promptly and within the allowable time limits once she became aware of her rights. Despite the AJ's explicit instructions, Ms. Turner failed to give a time, or even a time frame, as to when she became aware of her right to appeal to the Board, making it impossible for him to assess whether she acted diligently once she became aware of her rights. Under these circumstances, we cannot say that the Board abused its discretion in determining that Ms. Turner had failed to show good cause for her untimely filing.

Finally, to the extent that Ms. Turner claims that her untimeliness was the result of a mental or physical illness, she was required to identify the time period during

which she suffered from the illness; submit evidence showing that she suffered from the alleged illness during that time period; and explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *See Lacy v. Dep't of the Navy*, 78 M.S.P.R. 434, 437 (1998). However, Ms. Turner did not present any evidence to the Board explaining how her illness prevented her from timely filing her appeal or requesting an extension of time.

For the foregoing reasons, the final decision of the Board is affirmed.