NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARINO A. WRIGHT,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3202

---

Petition for review of the Merit Systems Protection Board in case no. AT3443110198-I-1.

---

Decided: January 18, 2012

---

MARINO A. WRIGHT, of Dublin, Georgia, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Marino A. Wright seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing as untimely her challenge to the termination of her excepted service appointment as a Licensed Practical Nurse ("LPN") with the Veterans Affairs Medical Center ("VA"). *Wright v. Dep't of Veterans Affairs*, Docket No. AT3443110198-I-1. Because the Board did not abuse its discretion, we *affirm*.

## BACKGROUND

Ms. Wright was employed by the VA as an LPN until May 23, 1997, when she was removed. On April 30, 2009, Ms. Wright wrote to the Office of Workers' Compensation Programs ("OWCP"), asking for her case file, which OWCP sent her on June 19, 2009. Among the documents in her case file was her notification of termination. On November 4, 2009, she wrote to the National Personnel Records Center, requesting her personnel file for her employment stating that "[t]he date of employment at this facility is Nov. 1993-May 1997." On June 8, 2010, Ms. Wright filed an application for disability retirement benefits with the Office of Personnel Management ("OPM"). On September 7, 2010, OPM denied her application as not timely filed within one year of her separation from service on May 23, 1997.

On October 1, 2010, Ms. Wright appealed the decision from OPM and her termination to the Board. The appeal was assigned to an administrative judge. On November 22, 2010, the administrative judge issued an Order on Timeliness that required Ms. Wright to show good cause for her delay in filing her appeal of her termination, which appeared to be 4,870 days late. Ms. Wright responded that she was only just now filing her appeal because she was never sent notice of her termination and

did not know of her termination until receiving her personnel file in November 2009.

On December 16, 2010, the administrative judge issued an initial decision, dismissing Ms. Wright's appeal as untimely filed. He found her claim that she did not know of her termination until she received her personnel file in November 2009 not credible given that she cited her May 1997 termination in her written request for these documents. He also determined that she had not exercised reasonable prudence in filing her appeal thirteen years after her termination and did not show any unavoidable casualty, misfortune, or circumstances beyond her control that could have prevented a timely filing. Thus, he found that Ms. Wright had not met her burden of proving by a preponderance of evidence that she had good cause for her delay in filing.

In her petition for review of the administrative judge's dismissal, Ms. Wright made no objections to the administrative judge's decision, but asked for further review because she mistakenly provided the incorrect date for her receipt of notice of her termination. She clarified that she first received notice of her termination in a packet of documents sent to her on June 19, 2009. On June 28, 2011, the Board denied her petition for review, holding that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affects the outcome.

## DISCUSSION

The scope of review in an appeal from a Board decision is limited. We can only set aside a Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evi-

dence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Pursuant to 5 C.F.R. § 1201.22(b)(1), an appeal must be filed with the Board no later than thirty days after either the effective date of the action being appealed or the appellant's receipt of the agency's decision, whichever is later. If an appellant does not submit its appeal within this timeframe, it will be dismissed as untimely unless the appellant can show good cause for the delay. 5 C.F.R. § 1201.22(c). The finding of good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The appellant bears the burden of demonstrating an excusable delay by showing an exercise of due diligence or ordinary prudence under the circumstances. *Id.* When evaluating whether the appellant's burden is met, the Board should consider the length of the delay, whether the appellant was notified of the time limit, the existence of circumstances beyond the appellant's control that affected her ability to comply with the deadline, the appellant's negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing. *See Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003).

The Board acted within its discretion in dismissing the appeal as untimely because several factors weighed against finding good cause for Ms. Wright's delay. First, the Board found that Ms. Wright's claim that she did not receive her notice of termination until November 2009 lacked credibility, and thus determined that the thirty day time limit for filing her appeal began to toll on May 27, 1997. This credibility determination is "virtually unreviewable on appeal." *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Given the inconsis-

tency between her claims and the evidence, the Board was within its discretion in finding her lacking credibility.[1] Thus, the length of Ms. Wright's delay—thirteen years—correctly weighed against a finding of good cause. Furthermore, Ms. Wright did not provide any evidence that she acted diligently in the thirteen year interim. She also did not identify any circumstances beyond her control that prevented her from appealing at any point during the thirteen years. Thus, we affirm the Board's holding that Ms. Wright did not show good cause for her delay in filing her appeal.

COSTS

Each party shall bear its own costs.

**AFFIRMED**

---

[1] Even if Ms. Wright was found credible, and the November 2009 date claimed in her initial appeal or the June 2009 date claimed in her petition for review was the first time she received notice of her termination, her October 2010 appeal would still be untimely. *See Gordy v. Merit. Sys. Prot. Bd.*, 736 F.2d 1505, 1508 (Fed. Cir. 1984) (holding that when an employee is not provided with notice of termination and appeal rights by an employing agency, a dismissal based on untimeliness may be proper if the employee fails to act promptly and within the allowable time limits after he or she becomes aware of those rights).