**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRYAN K. SANDERS,
    Appellant,

   v.

DEPARTMENT OF THE TREASURY,
    Agency.

DOCKET NUMBER
SF-315H-14-0540-I-1

DATE: January 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bryan K. Sanders, Rancho Cucamonga, California, pro se.

Megan K. Gibbons, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The agency terminated the appellant from his GS-5 Secretary position on March 6, 2008, prior to the end of his 1-year probationary period, which began on March 19, 2007. MSPB Docket No. SF-315H-14-0540-I-1 (0540), Initial Appeal File (IAF), Tab 12, Attachments 1-3. On May 6, 2014, the appellant filed the instant appeal regarding "the agency's action in terminating [his] employment during [his] initial probationary period." 0540, IAF, Tab 1. He requested a hearing. 0540, IAF, Tab 10.

¶3       The appellant had previously filed an appeal regarding his termination, and an initial decision dismissing that appeal for lack of jurisdiction was issued on April 30, 2008, which the Board affirmed in a Final Order denying his petition for review on August 6, 2008. *Sanders v. Department of the Treasury*, MSPB Docket No. SF-315H-08-0371-I-1 (0371), Final Order (Aug. 6, 2008) (0371 Final Order); 0371, Initial Decision (Apr. 30, 2008) (0371 ID). Thus, the administrative judge informed him that he appeared to be collaterally estopped from relitigating the jurisdictional issue relating to his termination and that, if he disagreed, he must file evidence and argument to the contrary. 0540, IAF, Tab 3 at 6. The administrative judge correctly explained to the appellant that collateral estoppel,

or issue preclusion, precludes a party from relitigating an issue when: (1) the issue is identical to one in a prior action; (2) the issue was actually litigated in the prior action; (3) the previous determination of that issue was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. *Id.*; *see Harris v. U.S. Postal Service*, [119 M.S.P.R. 583](#), ¶ 6 (2013).

¶4 After considering the parties' jurisdictional responses, the administrative judge issued an initial decision, without holding a hearing, dismissing the appeal for lack of jurisdiction because the doctrine of collateral estoppel precludes the appellant from relitigating the jurisdictional issue in this appeal. 0540, IAF, Tab 18, Initial Decision (0540 ID). He found that: (1) the instant appeal presents the same issue already decided in MSPB Docket No. SF-315H-08-0371-I-1— whether the Board has jurisdiction over the appellant's probationary termination appeal; (2) the appellant had a full and fair opportunity to litigate the jurisdictional issue as to his probationary termination appeal in MSPB Docket No. SF-315H-08-0371-I-1; and (3) the Board issued a final decision in that matter, and its jurisdictional ruling was necessary to that decision. 0540 ID.

¶5 The appellant has filed a petition for review. 0540, Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition and the appellant has filed a reply. 0540, PFR File, Tabs 5, 8.

¶6 On review, the appellant argues that collateral estoppel is inapplicable because the jurisdictional issue in the instant appeal is not identical to the issue in MSPB Docket No. SF-315H-08-0371-I-1. 0540, PFR File, Tab 3 at 6. He contends that the latter concerned whether he was serving a probationary period at the time of his termination and was thus subject to the provisions of 5 C.F.R. Part 315, whereas the instant appeal concerns whether the Board has jurisdiction over his termination under 5 U.S.C. chapter 43. *Id.* at 6-9. We disagree. The appellant is simply advancing two different arguments regarding the exact same issue—that is, whether the Board has jurisdiction over his appeal of his March 6,

2008 termination. The issue of the Board's jurisdiction over that action has already been finally decided. 0371 Final Order; 0371 ID. In any event, we note that the appellant has already unsuccessfully argued before the Board that he is entitled to appeal his termination under chapter 43. Notably, as the appellant concedes, he argued in his petition for review in MSPB Docket No. SF-315H-08-0371-I-1 that the administrative judge erred because he should have found that the agency was required to follow the procedures set forth in chapter 43 given that its termination action was based on unacceptable performance, including affording the appellant 30 days' notice of the termination action and notice of his purported right to appeal his termination to the Board under chapter 43.[2]  0371, PFR File, Tab 1 at 6-11; *see* 0540, PFR File, Tab 3 at 8. As previously stated, the Board denied that petition for review.

¶7     The appellant also asserts that, pursuant to an Executive Order issued in 1912, his probationary period should have been 6 months, rather than 1 year. 0540, PFR File, Tab 3 at 9. We agree with the administrative judge, however, that the appellant is collaterally estopped from raising this argument because it has already been finally decided that he was serving a 1-year probationary period at the time of his termination. *See* 0540 ID at 6. The record does not support the appellant's assertion that collateral estoppel is inapplicable because "neither the Board nor the [administrative judge in MSPB Docket No. SF-315H-08-0371-I-1] actually decided that [he] was serving the one-year probationary period required by 5 C.F.R. § 315.801." 0540, PFR File, Tab 3 at 9-10. The administrative judge

---

[2] The appellant asserts that the administrative judge in the instant appeal failed to address various arguments he made in support of his claim that he is entitled to appeal his termination to the Board under chapter 43. 0540, PFR File, Tab 3 at 11-12. This argument is without merit. The administrative judge explicitly addressed the appellant's chapter 43 claim, finding that "this argument is foreclosed by the decision in his 2008 appeal," wherein he "made exactly the same argument." 0540 ID at 7. Notwithstanding, the administrative judge went on to explain that this argument is incorrect because the agency was not required to follow chapter 43 procedures in effecting the appellant's termination, and did not err in proceeding under the provisions of 5 C.F.R. Part 315. 0540 ID at 7.

in that matter clearly concluded that the appellant was serving a 1-year probationary period. *See, e.g.*, 0371 ID at 4 (the administrative judge finding that the agency's decision letter and Standard Form (SF) 50 showed "that the termination was effective on March 6, 2008, prior to the expiration of the one-year probationary period"). We also note that the appellant himself claimed in MSPB Docket No. SF-315H-08-0371-I-1 that: (1) he "filed an appeal . . . alleging that he had remained on the rolls beyond the one-year probationary period, which he had completed while in non-duty, non-pay status"; (2) the agency removed him "eleven days before he would have acquired competitive status and appeal rights as a career-conditional employee in the competitive service;" and (3) he is an employee with chapter 75 appeal rights because he "completed [his] probationary period while in non-duty, non-pay status on March 18, 2008." 0371, PFR File, Tab 1 at 2, 14, 18.

¶8      The appellant further argues that collateral estoppel should not be applied in the instant appeal because the agency concealed a Record of Leave Data (SF-1150), which he alleges shows that he was not actually separated from the agency's rolls until April 7, 2008.[3] 0540, PFR File, Tab 3 at 13-14. Assuming arguendo that the agency concealed this document, we are not convinced that this action prevented the appellant from raising this argument in MSPB Docket No. SF-315H-08-0371-I-1, or in the several years that have passed since the record

---

[3] The appellant states that the agency concealed this evidence "until after June 25, 2011." 0540, PFR File, Tab 3 at 14. He cites several documents, the only one of which that is arguably relevant is a letter he sent to the National Personnel Records Center (NPRC) on June 25, 2011, requesting a copy of his Official Personnel Folder (OPF). *Id.* (citing MSPB Docket No. SF-300A-14-0185-I-1, PFR File, Tab 11, Exhibits 2-4). This letter does not establish that the agency concealed any information from the appellant. We also find it curious that the appellant does not specify the date on which he received the information he requested from his OPF, and we question why he did not file the instant appeal until almost 3 years after submitting the request to NPRC. *See Gordy v. Merit Systems Protection Board*, 736 F.2d 1505, 1508 (Fed. Cir. 1984) (an appellant must file a Board appeal "promptly and within the allowable time limits once he [is] aware of the basis of his claim").

closed in that appeal. The appellant apparently gained access to his leave and earnings statements, which should have reflected the same information, in April or May 2008. Specifically, during the course of his appeal in MSPB Docket No. SF-315H-08-0371-I-1, he submitted a letter indicating that he obtained access to his Employee Personnel Page in May 2008, as well as leave and earnings statements for pay periods 5 (March 2, 2008–March 15, 2008), 7 (March 30, 2008–April 12, 2008), and 8 (April 13, 2008–April 26, 2008). 0371, PFR File, Tab 1, Exhibit 7 at 1-3; *see* 0371 ID at 4.

¶9    We also do not agree that the SF-1150 supports the appellant's claim. The appellant's assertion that he remained on the agency's rolls until April 7, 2008, appears to be based on the fact that the SF-1150 was certified as correct on that date. *See* 0540, IAF, Tab 14, Exhibit 1. This does not prove that the agency did not remove the appellant from its rolls until that date. Indeed, the SF-1150 indicates that the appellant was terminated during his probationary period effective March 6, 2008. *Id.* (Box 4). Notably, the leave and earnings statement for pay period 7 indicates that he did not earn or use any leave, did not earn any pay, and was not in any nonpay status during that pay period. 0371, PFR File, Tab 1, Exhibit 7 at 2. Based on the foregoing, we AFFIRM the initial decision.

¶10    In addition to filing an appeal regarding the same issue previously decided in MSPB Docket No. SF-315H-08-0371-I-1, the appellant has also requested that the Board exercise its authority under 5 C.F.R. § 1201.118 to reopen that appeal.[4] 0540, PFR File, Tab 3 at 15. He contends that the administrative judge in that matter erred in failing to set a refiling deadline after dismissing his appeal "without prejudice." *Id.* The appellant's pleadings are difficult to understand, but he seems to believe that he was entitled to refile his termination appeal

---

[4] The appellant has filed a petition for review of the initial decision in MSPB Docket No. SF-300A-14-0185-I-1, wherein he again requests to reopen MSPB Docket No. SF-315H-08-0371-I-1, and also MSPB Docket No. SF-1221-10-0187-W-1, both of which stemmed from his March 6, 2008 termination. We will issue a separate decision in that matter.

because the basis for the dismissal was jurisdictional, rather than on the merits. *See* 0540, IAF, Tab 1 at 3. He is incorrect. Under certain circumstances, such as those presented here, an appellant who has failed to establish Board jurisdiction in one appeal may be collaterally estopped from establishing jurisdiction in a subsequent appeal based on the same underlying cause of action. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 16 (2012); *see also Metallo v. Department of Defense*, 110 M.S.P.R. 229, ¶ 12 (2008) (finding that the appellant was collaterally estopped from relitigating the Board's jurisdiction over her restoration appeal because the Board's jurisdiction over that claim was actually litigated in a prior appeal, which was dismissed for lack of jurisdiction); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 338, 341 (1995) (a decision that is not on the merits could be given collateral estoppel effect). The appellant's request to reopen his appeal on this basis is, therefore, DENIED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.