**Nelson G. GORDY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 83–1394.**

United States Court of Appeals, Federal Circuit.

March 23, 1984.

Irving Kator, Washington, D.C., argued for petitioner. With him on the brief were

Joseph B. Scott and Amy E. Wind, Washington, D.C., of counsel.

Sandra P. Spooner, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, and Beacham O. Brooker, Jr., Washington, D.C. Also on the brief were Frank Berndt, Enid Rubenstein and Eileen Leahy, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board (Board) dismissing as untimely the appellant's appeal from the reclassification of his position. We affirm.*

I

By letter dated June 19, 1981, the National Highway Traffic Safety Administration (Administration) notified appellant Gordy that his position as a Safety Standards Engineer would be reclassified downward from grade GS–15 to GS–13, effective June 28, 1981. The notice informed Gordy that he could appeal the reclassification to the Department of Transportation (Department) or to the Office of Personnel Management. Gordy filed a timely appeal with the Department on July 9, 1981.

Gordy states that during his preparation for the appeal, he "formed a belief that certain responsibilities and duties had been deleted from his position by management action and that therefore if his position was to be downgraded, he was entitled to the reduction-in-force procedures in accordance with 5 C.F.R. § 351, *et seq.*" In a letter to the Department dated April 9, 1982, Gordy's lawyer, after arguing at some length that Gordy's prior GS–15 grade was proper, also stated that if certain duties had been transferred from Gordy's position "then there has in fact been a reorganization which would require the implementation of reduction-in-force procedures." In

a subsequent letter dated September 2, 1982, the attorney summarized the reasons Gordy believed his position had been improperly downgraded in the reclassification, and then stated:

> If, however, the agency does not feel that Mr. Gordy's position is improperly classifed [sic], his only remedy would be to pursue his RIF rights before the Merit Systems Protection Board. We remain hopeful that the agency will recognize the erroneous nature of its action and thus remedy this situation without the need for a MSPB hearing.

By letter dated November 16, 1982, the Department informed Gordy that it had upheld the reclassification of his position because it had "not found any basis for classifying Mr. Gordy's position above the GS–13 level." With respect to Gordy's contention that the reclassification should have been made under "reduction-in-force regulations," the Department stated:

> This is an issue not pertinent to Mr. Gordy's classification appeal, and not within the authority of this office to determine.

On December 7, 1982, within 20 days of the Department's denial of the classification appeal, Gordy filed with the Merit Systems Protection Board an appeal from "the action of the Department of Transportation in reducing his grade from a GS–15 to a GS–13, without according him the reduction-in-force procedures to which he was entitled." The Administration moved to dismiss the appeal as untimely, and the Board directed Gordy to show cause why this should not be done. The order noted that "[t]he Board's regulations provide that an appeal must be filed no later than 20 days after the effective date of the action being contested." Gordy's response argued (1) that the appeal was timely, and (2) that if it was untimely, good cause had been shown for waiving the 20-day time limitation.

The presiding official dismissed the appeal as untimely, and the Board denied Gordy's petition to review that ruling.

---

* This opinion originally was issued on March 23, 1984, as an unpublished opinion. 732 F.2d 169.

The presiding official held that the time for appeal to the Board ran from the date on which the reclassification of Gordy's position was effective (June 28, 1981), and that Gordy's appeal to the Department did not extend the time for appeal. She further held that Gordy had not shown good cause for waiving the time limitation. She stated:

The delay of approximately one and one-half years in filing this appeal is extreme and, in itself, is a reasonable basis for finding prejudice to the agency. While appellant was never informed of a right of appeal to the Board, the record reflects that as early as April 9, 1982, he was represented by an attorney and that attorney was expressing the belief that reduction-in-force regulations applied to appellant's case. The failure of the appellant to preserve his rights by appealing to the Board at least within twenty (20) days of that correspondence amounts to negligence. Appellant does not argue that his awareness of the reduction-in-force regulations did not encompass knowledge of an appeal right. Moreover, in a September 2, 1982, letter to the agency, appellant's counsel acknowledges that if the agency does not find that the position is improperly classified, another remedy would be to pursue a reduction-in-force appeal to the Board. Accordingly, there is no basis for finding that the neglect was excusable.

(Footnote and citations omitted.)

## II

A. Gordy argues that he did not know until the Department's letter of November 16, 1982, that the Department had rejected his contention that the reclassification was a reduction in force, and that since that was the only issue he urged before the Board, his appeal was timely because it was taken within 20 days "of the action being contested," as the Board's regulation requires. 5 C.F.R. § 1201.22(b). The Administration's action that Gordy challenged, however, was the reclassification of his position from grade GS–15 to grade GS–13, and that action was final and complete on June 18, 1981. Gordy's present contention that the reclassification really was a reduction in force may alter the basis upon which he challenges the reclassification but not the date of the action he is challenging.

B. Gordy contends that the Department, to which he appealed, was required, as soon as it learned of his reduction-in-force claim, to inform him of his right to appeal that issue to the Board. Because the Administration had informed him only that he could appeal the reclassification to the Department or the Office of Personnel Management, he contends that the 20-day period did not begin to run and that his appeal was timely filed. He relies upon two decisions of the Court of Claims. *McCormack v. United States*, 204 Ct.Cl. 371 (1974); *Shubinsky v. United States*, 203 Ct.Cl. 199, 488 F.2d 1003 (1973). Neither case aids him.

In *McCormack*, the employee, when threatened with removal, resigned. Thereafter he sought severance pay, alleging that his resignation had been coerced and, therefore, was involuntary and constituted an adverse action. After the agency denied severance pay on the ground that resignation was voluntary, the employee appealed that ruling to the Civil Service Commission, almost 11 months after his resignation. The Commission held that the appeal was untimely.

The court reversed. It held that the Commission had "abused its discretion when it determined that the plaintiff had not taken reasonable steps to determine his appeal rights." 204 Ct.Cl. at 377–78. The rationale of the decision was that once the employee had "put the Government on notice that the plaintiff viewed the 'resignation' as an adverse action," the agency was obligated to inform the employee of his appeal rights with respect to that contention. *Id.* at 378.

In *Shubinsky*, the employee had been the victim of a reduction in force that the agency told him was part of a "liquidation" of his component. More than a year later,

the employee definitively was informed that the reduction in force was part of a "reorganization," which meant that he had certain rights he would not have had in a "liquidation." Within 20 days of that notice, the employee appealed his reduction in force to the Civil Service Commission, which rejected his appeal as untimely.

The court held that "the unusual circumstances which surrounded his RIF obviated his responsibility to pursue a timely administrative appeal prior to seeking judicial relief." 488 F.2d at 1004. It ruled that the government was obligated to inform the employee of his right to appeal to the Commission from the reduction in force that resulted from a reorganization, and that since the employee "acted with adequate promptness to perfect his appeal upon learning that the agency had indeed been 'reorganized' and VPA [Veterans Preference Act] rights might still be available to him," the employee's failure to pursue a timely appeal to the Commission did not bar him from judicial review. *Id.* at 1006.

The critical element in both of those cases, and the one that is missing here, is that the employee acted promptly and within the allowable time limits once he was aware of the basis of his claim. In the present case, in contrast, more than three months before he filed his appeal to the Board on December 7, 1982, Gordy was aware that any appeal based on the theory that the reclassification was a reduction in force would go to the Board. His letter of September 2, 1982, so recognized. He first raised the reduction-in-force claim before the Department in his letter of April 9, 1982, and at oral argument he admitted that even at that time he was aware that any appeal on that issue would have to be taken to the Board.

Moreover, neither case held that the limitations period was tolled until the agency informed the employee of his appeal rights. Both dealt with the circumstances under which the failure to file a timely appeal will be excused. 204 Ct.Cl. at 380–81; 488 F.2d at 1006.

In short, under any theory, Gordy's appeal to the Board, filed almost 18 months after the reclassification he sought to challenge and many months after he was aware of the basis of his reduction-in-force claim and that an appeal on that claim would lie to the Board, was untimely. *Cf. McKechnie v. United States,* 227 Ct.Cl. 113, 648 F.2d 1300, 1303 (1981).

C. We cannot say that the Board acted arbitrarily or capriciously or committed legal error in refusing to waive the time limitation for appeal. Our discussion in part II–B also supports the Board's refusal to allow the untimely filing of the appeal. In its opinion refusing waiver, the Board discussed the various grounds upon which Gordy sought that relief and explained why it found them unconvincing. The Board has broad discretion to decide whether to waive the time limit. *Phillips v. United States Postal Service,* 695 F.2d 1389 (Fed. Cir.1982). It did not abuse its discretion in here denying a waiver.

The order of the Board dismissing the appeal as untimely is

AFFIRMED.

