856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joe C. HARRIS, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 88-3061.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1988.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), Docket No. AT07528710041 (October 22, 1987), dismissing the petition for review of Joe C. Harris for untimely filing, is affirmed.
 
 OPINION
 
 2
 By initial decision dated February 6, 1987, the Board affirmed the decision of the Veterans Administration to remove Harris from his position as a Nursing Assistant for patient abuse. More than four (4) months beyond the time limit prescribed by 5 C.F.R. Sec. 1201.114(d), Harris wrote the Board rearguing the merits of his case. The MSPB treated the letter as a petition for review, and by letter dated July 31, 1987, advised Harris that his petition was untimely. The MSPB further advised Harris that his petition for review would be dismissed as untimely "and the initial [decision] will remain final unless you provide an affidavit or signed statement, as explained above, showing good cause for your late filing." (Emphasis added). Harris failed to submit the requested affidavit or signed statement, and on October 22, 1987, the Board issued a final decision dismissing the petition as untimely. According to the Board, "[s]ince the appellant does not argue that he did not timely receive a copy of the initial decision (which indicated that any petition for review must have been filed by March 13, 1987), and fails to explain why he is filing his petition for review at this late date, we find that the appellant has not established good cause for waiving the time limit for filing his petition for review." Harris v. Veterans Admin., Docket No. AT07528710041, at 2 (October 22, 1987).
 
 
 3
 On appeal, Harris argues that "[w]here Petitioner's designated representative does not receive notice of the Board's initial decision good cause to excuse delay in filing a petition for review is shown." Brief of Appellant, page 4. However, the record reflects, and Harris does not dispute, that he was given notice of his appeal rights in the MSPB's letter dated July 31, 1987. This notice explicitly advised Harris that he was required to provide an explanation of his untimeliness, if he wished to appeal. A careful review of the record reveals that Harris never submitted to the MSPB an affidavit or signed statement offering an excuse for late filing. Therefore, Harris did not act promptly once becoming aware of his right to appeal. See Yuni v. Merit Sys. Protection Bd., 784 F.2d 381, 385 (Fed.Cir.1986) (citing Gordy v. Merit Sys. Protection Bd., 736 F.2d 1505, 1508 (Fed.Cir.1984); McCormack v. United States, 204 Ct.Cl. 371, 380-81 (1974); Shubinsky v. United States, 488 F.2d 1003, 1006, 203 Ct.Cl. 199, 204 (1973)). Accordingly, the Board did not abuse its discretion in dismissing the petition for review for failure to establish good cause for waiving the statutory time requirement. We, therefore, affirm.