**Melvin SMITH, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3256.

United States Court of Appeals, Federal Circuit.

Dec. 4, 2001.

---

Before MICHEL, RADER, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Melvin Smith appeals from a decision of the Merit Systems Protection Board, Docket No. AT–0752–99–0477–B–1, dismissing his appeal as untimely filed. We *affirm.*

## BACKGROUND

Mr. Smith was employed by the Department of Veterans Affairs ("DVA") as a dental assistant in a Tuskegee, Alabama, DVA facility. On October 18, 1996, the DVA removed Mr. Smith from his position. The DVA's decision letter informed Mr. Smith that he could appeal the removal action to the Board; the letter noted the time deadline for filing an appeal; and it provided him with an appeal form. The DVA letter, however, mistakenly provided Mr. Smith with the former, rather than the current, address of the Board's Atlanta Regional Office.

Mr. Smith mailed an appeal to the Board, but he did not mail it either to the Board's current address or to the previous address provided in the DVA's decision letter. Instead, he mailed his appeal to an even earlier address apparently supplied by his union representative. The appeal was returned as undeliverable, and Mr. Smith did not mail his appeal of the DVA's removal action again until April 9, 1999, more than two years after the deadline for filing the appeal had passed.

Because Mr. Smith's appeal was not filed within the 30–day appeal period, the administrative judge who was assigned to Mr. Smith's case ordered Mr. Smith to present evidence and arguments showing that good cause existed for the delay. Mr. Smith's wife, acting as his representative, responded that the initial appeal had been mailed in timely fashion but to the wrong address. She argued that the delay was for good cause because the union and the DVA had both failed to provide the correct address. She stated that she was unaware of the Board's proper address until after March 9, 1999, when the Office of Personnel Management ("OPM") denied her husband's application for disability retirement benefits, and also that her husband's physical and mental illness and her stress resulting from the birth of her child on September 27, 1996, contributed to the delay.

The administrative judge dismissed Mr. Smith's appeal on the ground that it was untimely filed and that Mr. Smith had failed to show that he had exercised due diligence in attempting to file his appeal promptly after it was returned to him as undeliverable. The administrative judge noted that although the DVA had provided Mr. Smith with an incorrect address for the Board's regional office, Mr. Smith had not used the address provided by the DVA, but instead had used the even older address provided by his union. After the

appeal was returned as undeliverable, the administrative judge found, Mr. Smith had not attempted to mail his appeal to the address given him by the DVA nor had he called directory assistance to obtain the correct address for the Atlanta office. Instead, he had filed an application for disability benefits. The administrative judge found that Mr. Smith's contention that his wife had repeatedly tried to obtain the correct address from the DVA and the union was unsupported. The administrative judge also found unpersuasive Mr. Smith's argument that his medical problems constituted good cause to excuse delay, because the evidence that Mr. Smith presented did not relate to the period of delay in filing the appeal.

Following the administrative judge's initial decision, Mr. Smith filed a petition for review with the full Board. The Board granted Mr. Smith's petition, vacated the initial decision, and remanded the case to the administrative judge. The Board found that the administrative judge had failed to give adequate consideration to Mr. Smith's claims of incapacity and had failed to provide Mr. Smith with explicit information regarding the burden of proof, as required by *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The Board ordered the administrative judge to issue proper notice to Mr. Smith and to reconsider his claims in light of his submitted evidence.

On remand, the administrative judge provided Mr. Smith with proper notice and an opportunity to respond. After Mr. Smith's response and a hearing, the administrative judge again dismissed Mr. Smith's appeal on the ground that he had failed to show good cause for the filing delay of more than two years. The administrative judge found that Mr. and Mrs. Smith were not credible in their assertions that stress and Mr. Smith's medical condition had prevented them from refiling the

appeal after it was returned as undeliverable. The administrative judge noted that the Smiths were under the greatest stress during an eight-day period in late September and early October of 1996, during which time Mrs. Smith gave birth to a child, Mrs. Smith's mother died, and Mr. Smith was informed by the DVA that his employment would be terminated. Nevertheless, the administrative judge noted that the Smiths were able to complete and mail the appeal form to the Board at the incorrect address in a timely fashion, that neither stress nor Mr. Smith's alleged mental illness prevented Mr. Smith from obtaining disability retirement forms from the DVA and filing an application for disability retirement with OPM during the period between the return of his initial appeal as undeliverable and the date the appeal was finally mailed to the correct address, and that Mr. Smith was able to file an application for disability benefits from the Social Security Administration during the same period.

Based on that evidence, the administrative judge concluded that neither mental nor physical conditions prevented Mr. Smith from remailing the appeal to the proper address after it was returned as undeliverable. The record showed that Mr. Smith was taking medications, but the administrative judge noted that his medications were not identified in the record and that Mr. Smith did not attribute his delay in refiling the appeal to the medications. In addition, Mrs. Smith testified that there was nothing wrong with her when the initial appeal was returned as undeliverable. The administrative judge concluded that instead of intending to refile his appeal in a timely manner and being prevented from doing so, Mr. Smith instead had decided to apply for disability retirement and had abandoned his intention to appeal. Accordingly, the adminis-

trative judge dismissed the appeal as untimely filed.

Mr. Smith again petitioned the full Board for review of the initial decision. The Board denied the petition for review, and Mr. Smith petitioned for review by this court.

## DISCUSSION

Mr. Smith argues that the misinformation he was given regarding the Board's address should excuse the untimeliness of his appeal. It is true that an agency has a regulatory obligation to provide notice of appeal rights to an employee who is subject to a removal action that is appealable to the Board. *See* 5 C.F.R. § 1201.21. That notice must include the correct address of the appropriate Board office for filing the appeal. *See Shiflett v. U.S. Postal Serv.,* 839 F.2d 669, 671 (Fed.Cir.1988). The agency's failure to provide Mr. Smith with the Board's correct address, however, does not mean that the time for filing the appeal never began to run. Once it became clear that the initial filing was misdirected, Mr. Smith had an obligation to exercise due diligence in pursuing his appeal thereafter. *Cf. Gordy v. Merit Sys. Prot. Bd.,* 736 F.2d 1505, 1508 (Fed.Cir. 1984) (period for filing a Board appeal not tolled after employee became aware of facts that made clear he could appeal to the Board).

The evidence in the record was sufficient to support the Board's conclusion that Mr. Smith did not show that he was diligent in pursuing his appeal during the more than two years between the time his initial appeal was returned as undeliverable and the time he mailed his appeal to the correct Board address. The administrative judge considered Mr. Smith's *pro se* status and his arguments that his disability and stress contributed to the delay. The record shows that despite his protestations of incapacity, Mr. Smith was able to obtain and complete his application for disability retirement with OPM and apply for disability benefits from the Social Security Administration, all during the same period in which he claims he was incapable of mailing his appeal to the correct Board address. That evidence was sufficient for the administrative judge to conclude that Mr. Smith abandoned his appeal and instead had sought disability retirement and the associated benefits. The Board therefore did not err in ruling that Mr. Smith failed to show good cause for the delay in filing his appeal.