**George B. RATCLIFF, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3185.

United States Court of Appeals, Federal Circuit.

Feb. 5, 2003.

Rehearing Denied April 3, 2003.

Before MAYER, Chief Judge, MICHEL and DYK, Circuit Judges.

PER CURIAM.

George B. Ratcliff appeals the final decision of the Merit Systems Protection Board, No. PH0752980413–I–2, dismissing his appeal as untimely. Because the board did not abuse its discretion in concluding that good cause was not shown for waiver of the time limit, we *affirm.*

Ratcliff is a medical technologist GS–9 with the Department of the Army. Effective January 5, 1997, he was promoted to the GS–11 level. Shortly thereafter, the Department of the Army issued a Notice of Decision dated May 9, 1997, notifying Ratcliff that his promotion was not pro-

cessed in conformity with its merit promotion plan, and that it proposed to cancel the promotion, retroactively effective January 5, 1997. On August 25, 1998, Ratcliff filed an appeal of the Department of Army's promotion cancellation action. The administrative judge ("AJ") dismissed the appeal as untimely.

We must affirm the decision of the board unless we find that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). The board will dismiss an untimely appeal "unless a good reason for the delay is shown" and the board waives its deadline. 5 C.F.R. § 1201.22(c) (2002). Whether the regulatory time limit for an appeal should be waived upon a showing of good cause is a matter committed to the board's discretion, and we will not substitute our judgment. *See Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed.Cir.1992) (*en banc*). The appellant bears the burden of establishing good cause. *Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1391 (Fed.Cir.1982).

Ratcliff challenges the AJ's credibility determinations with respect to the clarification of his appeal rights in June of 1997. Mildred Bunker, Equal Employment Office intake counselor, and Janine Sinclair, head of personnel at Fort Meade, both testified that Ratcliff's appeal rights were clarified in June of 1997, when Bunker telephoned Sinclair, with Ratcliff present, to explain that his time for appeal ran from the date of the decision, not the cancellation date of his promotion. The AJ found both witnesses' testimony credible, and we review such credibility determinations with deference. *Bieber v. Dep't*

*of the Army,* 287 F.3d 1358, 1364 (Fed.Cir. 2002). We see no basis in the record to justify disturbing the AJ's credibility determinations.

Ratcliff argues that the delay should have been excused because the Department of the Army did not provide him with a clear and accurate notice of his appeal rights. We have recognized that even when an employee is not provided with notice of appeal rights by an employing agency, a dismissal based on untimeliness may be proper if the employee fails to act promptly and within the allowable time limits after he becomes aware of those rights. *See Gordy v. Merit Sys. Prot. Bd.,* 736 F.2d 1505, 1508 (Fed.Cir.1984). The AJ examined the circumstances here and determined that Ratcliff's filing of his appeal some fifteen months after he received clarification of his appeal rights in June of 1997, did not demonstrate due diligence. The board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.