# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CURTIS KIBLER, | DOCKET NUMBER |
| Appellant, | DC-531D-15-0914-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 12, 2016 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Curtis Kibler, Stafford, Virginia, pro se.

Riva A. Parker, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the denial of a within-grade increase (WIGI) for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, FIND that the Board has

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

jurisdiction, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant formerly was employed by the agency as a Human Resources Specialist until he resigned, effective May 11, 2015. Initial Appeal File (IAF), Tab 4, Subtab N. On June 29, 2015, he filed a Board appeal alleging that the agency denied him a WIGI.[2] IAF, Tab 1 at 4. The appellant submitted a Standard Form 50 (SF-50) denying his WIGI, effective March 23, 2015. *Id.* at 8. The appellant contended that, as of March 23, 2015, the agency had neither communicated to him that his performance was not at an acceptable level nor issued him a current rating of record. IAF, Tab 4, Subtab A at 12. He further claimed that the agency never informed him that it was denying his WIGI or of his right to request reconsideration of the denial. *Id.* at 13. Finally, the appellant asserted that the agency denied his WIGI in retaliation for his filing of a grievance.[3] IAF, Tab 1 at 4, 6, Tab 4, Subtab A at 12-13.

¶3 The agency filed a motion to dismiss arguing that the Board lacks jurisdiction over the appeal because the appellant did not first request that the agency reconsider the WIGI denial. IAF, Tab 6 at 5-6. The agency asserted that the appellant's WIGI was due on May 5, 2015. *Id.* at 5. It further asserted that, on March 23, 2015, the appellant's supervisor generated an SF-50 to deny the WIGI, which was not processed until May 12, 2015, one day after the appellant resigned. *Id.* Finally, the agency asserted that, on the date of his resignation, the

---

[2] The initial appeal also alleged involuntary resignation and enforced leave. IAF, Tab 1 at 4, 6. Such claims are separately docketed as MSPB Docket No. DC-0752-15-0915-I-1. The Board will issue a separate order regarding the appellant's petition for review of the initial decision in that matter.

[3] The appellant also asserted that the agency discriminated against him and subjected him to a hostile work environment based on his race, sex, color, national origin, and disability. IAF, Tab 4, Subtab A at 13-15. Such claims, however, are only related to the alleged actions being adjudicated in MSPB Docket No. DC-0752-15-0915-I-1.

appellant was still entitled to a WIGI. *Id.* The appellant did not respond to the agency's motion.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1. The administrative judge found that the agency did not deny the appellant a WIGI prior to his resignation because it processed and approved the SF-50 on May 12, 2015. ID at 3. The administrative judge further found that the appellant did not contend that he requested reconsideration of the WIGI denial and did not allege facts that would support a finding that the agency improperly denied his request for reconsideration. ID at 3-4.

¶5 The appellant has filed a petition for review in which he reiterates his arguments that the agency did not communicate to him that his performance was not at an acceptable level, did not issue him a current rating of record, did not inform him that it was denying his WIGI, and did not inform him of his right to request reconsideration. Petition for Review (PFR) File, Tab 1 at 4-6. The agency has opposed the appellant's petition and submits for the first time an SF-50 approved on January 5, 2016, cancelling the WIGI denial. PFR File, Tab 3 at 8. The appellant has filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An employee under the General Schedule earns periodic increases in pay, or WIGIs, as long as his performance is at an acceptable level of competence (ALOC), he has completed the required waiting period, and he has not received an equivalent increase in pay from any cause during that period. 5 U.S.C. § 5335(a); 5 C.F.R. § 531.404. To be performing at an ALOC, the employee's most recent rating of record must be at least fully successful or equivalent. 5 C.F.R. § 531.404(a).

¶7 If an agency determines that an employee is not performing at an ALOC and, as a result his WIGI should be denied, it must issue the employee a negative

ALOC determination. 5 C.F.R. § 531.409(e)(2). Pursuant to 5 U.S.C. § 5335(a)-(c), an agency is required to make an ALOC determination as of the date the WIGI is due and failure to comply with this requirement is tantamount to a WIGI denial. *Martinesi v. Equal Employment Opportunity Commission*, 24 M.S.P.R. 276, 280 (1984). The negative ALOC determination must be communicated to the employee in writing as soon as possible after completion of the waiting period, set forth the reasons for the determination and the respects in which the employee must improve his performance to be granted a WIGI, and inform him of his right to request reconsideration of the determination. 5 C.F.R. § 531.409(e).

¶8      An employee may seek reconsideration of a negative ALOC determination in writing within 15 days of receiving the determination from the agency. 5 C.F.R. § 531.410(a)(1). If the agency affirms its negative ALOC determination on reconsideration, an employee may appeal to the Board. 5 U.S.C. § 5335(c); 5 C.F.R. § 531.410(d). Although generally the Board's jurisdiction to review negative ALOC determinations attaches only after the agency has issued a reconsideration decision, *see, e.g.*, *Renshaw v. Department of the Army*, 23 M.S.P.R. 441, 442-43 (1984), the Board has found that it also has jurisdiction over an appeal absent a reconsideration decision if an agency fails to comply with the requirement that it inform an employee of his right to reconsideration, *see, e.g.*, *Martinesi*, 24 M.S.P.R. at 280.

¶9      The appellant began his employment with the agency as a GS-12, step 1 on May 5, 2014. IAF, Tab 6 at 29. Thus, 52 weeks later, he was due to receive his WIGI to a step 2. IAF, Tab 6 at 34; *see* 5 U.S.C. § 5335(a)(1); 5 C.F.R. § 531.405. The agency asserts that, on March 23, 2015, the appellant's supervisor generated an SF-50 to deny his WIGI due to his poor performance, but that, "[o]n the day he resigned, he was still due a WIGI" because the WIGI denial was not processed until May 12, 2015, the day after the appellant resigned. IAF, Tab 6 at 5. It is not clear whether the generation of an SF-50 on March 23, 2015,

constituted a negative ALOC determination. Such a determination is to be based on an employee's most recent rating of record, and it appears that the appellant received his first performance rating on May 8, 2015.[4] IAF, Tab 4, Subtab L; *see* 5 C.F.R. § 531.404(a) (referencing ALOC determinations as being based on the employee's most recent rating of record). Thus, the exact date of the WIGI denial is unclear.

¶10   Nonetheless, it is undisputed that the appellant's WIGI was denied. IAF, Tab 6 at 6; PFR File, Tab 3 at 5. We find that the agency's failure to notify the appellant of the denial of his WIGI or his right to request reconsideration of that determination is sufficient to establish Board jurisdiction. *See Jack v. Department of Commerce*, 98 M.S.P.R. 354, ¶ 13 (2005) (determining that the agency's failure to provide written notification of the right to request reconsideration cannot defeat Board jurisdiction); *Worthington v. Department of Agriculture*, 43 M.S.P.R. 620, 625 (1990) (finding Board jurisdiction over the merits of the appellant's WIGI denial based on the agency's failure to inform him of his right to request reconsideration); *Martinesi*, 24 M.S.P.R. at 280 (stating that an agency's failure to comply with the requirement that it inform an employee of his right to reconsideration of the WIGI denial is sufficient to allow the Board to assume jurisdiction and to adjudicate the appeal on its merits).

The agency's cancellation of the WIGI denial does not divest the Board of jurisdiction or render the appeal moot.

¶11   In its response to the petition, the agency appears to argue that its January 5, 2016 cancellation of the WIGI denial renders this appeal moot. PFR File, Tab 3 at 6. The Board's jurisdiction is determined by the nature of the

[4] The appellant filed a grievance regarding the agency's failure to timely place him on performance standards in order for him to be rated during the normal performance rating cycle. IAF, Tab 4, Subtab B. He prevailed on his grievance, and the agency agreed to extend his performance rating cycle and rate him for the period of May 5, 2014, through March 3, 2015. *Id.*, Subtab C. The performance evaluation for this rating period is dated May 8, 2015, over a month after the appellant's supervisor allegedly generated the SF-50 to deny his WIGI on March 23, 2015. *Id.*, Subtab L.

action at the time the appellant filed his appeal. *Rosato v. Department of the Army*, 111 M.S.P.R. 95, ¶ 4 (2009). An agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed. *Id.* For an appeal to be deemed moot based on such a rescission, the appellant must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Id.* The Board has held that for a WIGI denial appeal to be moot, an agency must return the appellant to the status quo ante by cancelling the action, paying him retroactively for the period of the denial, removing all references to the action from the employee's personnel record, and amending the ALOC determination and the underlying performance evaluation. *See Shaishaa v. Department of the Army*, 58 M.S.P.R. 450, 452-53 (1992); *Veal v. Department of the Army*, 52 M.S.P.R. 66, 68 (1991). The agency has not submitted documentation to support a finding that any of these actions have been taken.[5]

¶12      Moreover, to the extent the appellant is raising an affirmative defense of retaliation and a claim for compensatory damages, the agency's rescission of the action appealed, i.e., cancelling the WIGI denial, does not afford the appellant all

---

[5] It appears that the appellant is not entitled to back pay because his WIGI did not become effective until after he resigned. A WIGI is effective on the first day of the pay period following completion of the required waiting period. 5 U.S.C. § 5335(a); 5 C.F.R. § 531.412(a). It is undisputed that the appellant completed the required waiting period on May 4, 2015. IAF, Tab 6 at 34. The first day of the first pay period following May 4, 2015, was May 17, 2015, six days after the appellant's May 11, 2015 resignation. *See* 2015 pay period calendar, *available at* https://www.nfc.usda.gov/ppcalendar/ ppcal2015.htm#pp3 (last visited May 6, 2016). Nonetheless, the agency has not submitted documentation showing the step and salary to which the appellant was entitled at the time of his resignation. Guide to Processing Personnel Actions, Chapter 31, Subchapter 31-7, *available at* https://www.opm.gov/policy-data-oversight/data-analysis-documentation/ personnel-documentation/#url=Processing-Personnel-Actions (last visited May 6, 2016) (stating that if a WIGI is not processed before a separation, the step and salary to which the employee was entitled should still be reflected on the SF-50 documenting the employee's separation).

the relief that could have been available if he had prevailed in the appeal. *See Deas v. Department of Transportation*, 108 M.S.P.R. 637, ¶¶ 11, 15 (2008), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014); *Antonio v. Department of the Air Force*, 107 M.S.P.R. 626, ¶ 13 (2008); *see also Hicks v. Merit Systems Protection Board*, No. 2016-1091, 2016 WL 1105313, at *4 (Fed. Cir. Mar. 22, 2016) (explaining that under the Whistleblower Protection Enhancement Act the Board may order corrective action for whistleblower reprisal, to include an award of compensatory damages). Where an appeal is not moot despite the cancellation of the action at issue, the Board will determine whether there is jurisdiction and, if so, adjudicate the appeal on the merits. *Deas*, 108 M.S.P.R. 637, ¶ 11. Because we find Board jurisdiction, we remand the appeal for adjudication of the merits of the agency's WIGI denial and the appellant's affirmative defense.[6] On remand, the administrative judge shall allow the parties a reasonable opportunity to

---

[6] The appellant also has filed an individual right of action (IRA) appeal concerning his WIGI denial. *Kibler v. Department of the Army*, MSPB Docket No. DC-1221-16-0174-W-1. In remanding this appeal for adjudication of the WIGI denial as a direct appeal with an affirmative defense of whistleblower reprisal, we make no finding regarding the effect of this decision on the appellant's IRA appeal, which is pending in the regional office, where the parties may raise any arguments on that issue. An employee who claims to have suffered whistleblower reprisal regarding an action appealable to the Board may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from the Office of Special Counsel (OSC) under 5 U.S.C. §§ 1211-1222. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013); *see* 5 U.S.C. § 7121(g). Whichever remedy is sought first is deemed to be an election of that procedure and precludes pursuing the matter in either of the other two forums. *Edwards*, 120 M.S.P.R. 307, ¶ 12. Because the appellant appears to have filed his Board appeal prior to his OSC complaint, his subsequent pursuit of correction action through the procedures under 5 U.S.C. §§ 1211-1222 does not affect the Board's jurisdiction over this appeal.

supplement the record and, if appropriate, afford the appellant a hearing on the merits.[7]

## ORDER

¶13    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:            _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.

---

[7] There may be a question as to the timeliness of the appeal.  However, where an agency takes an appealable action without notifying the appellant of his appeal rights, the appellant's late filing may be excused, as long as he promptly filed the appeal upon learning that he could do so.  *See Gordy v. Merit Systems Protection Board*, 736 F.2d 1505, 1508 (Fed. Cir. 1984); *Bushman v. Department of the Navy*, 77 M.S.P.R. 411, 414 (1998).  On remand, therefore, the appellant should be given an opportunity to establish that his appeal was timely filed or that there is good cause for the delay in filing.