# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAVON CONYERS,
               Appellant,

      v.

DEPARTMENT OF COMMERCE,
            Agency.

DOCKET NUMBER
DC-315H-17-0307-I-1

DATE: July 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pamela F. Mucklow, Esquire, Englewood, Colorado, for the appellant.

Tyree P. Ayers, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency appointed the appellant to a GG-11 Program Analyst position with the Census Bureau Field Division. Initial Appeal File (IAF), Tab 12 at 13-15. On January 4, 2017, the agency terminated the appellant from her excepted-service position because she incorrectly listed on her résumé a degree that she had not obtained. IAF, Tab 1, Attachment. The notice informed the appellant that she had a right to appeal her termination to the Board within 30 days of the date that she received the termination notice, a period that ended on February 3, 2017. *Id.* She filed a Board appeal on February 7, 2017, four days after the filing deadline. IAF, Tab 1.

¶3 The administrative judge issued an order informing the appellant of her burden to show that her appeal was timely filed or that good cause existed for the delay in filing. IAF, Tab 8. Based on the parties' responses to that order, IAF, Tabs 13, 16, the administrative judge issued an initial decision finding that the appellant's discussions with the agency regarding her possible reinstatement ended on the afternoon of February 3, 2017, IAF, Tab 17, Initial Decision (ID) at 7. The administrative judge determined that, because February 3, 2017, was

the filing deadline, the appellant, who is an electronic filer, could have filed her appeal before midnight of the due date, but instead, she waited an additional 4 days to file. *Id.* The administrative judge found that the appellant failed to show that she exercised ordinary prudence or due diligence under the circumstances, and therefore, she dismissed the appeal as untimely filed. ID at 7-8.

¶4      In her petition for review, the appellant asserts, among other things, that she filed late because she reasonably relied on agency misstatements that she would be reinstated, and the administrative judge erred in disregarding case law concerning the effect of such misstatements. Petition for Review (PFR) File, Tab 1 at 10-21. She also contends that the filing delay was minimal, that her termination was actually a suitability action, and that the administrative judge erred in disregarding evidence that the agency's failure to comply with 5 C.F.R. § 731.402 caused her delay in filing. *Id.* at 10, 21-22. The agency responded in opposition to the petition. PFR File, Tab 5.

**ANALYSIS**

¶5      If an appellant fails to timely file her appeal, it will be dismissed as untimely absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, an appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and her showing of diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unfavorable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her claim. *Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶ 10

(2017). Beyond the appellant's assertion that the appeal was filed late because she relied on agency misstatements, she has not offered any evidence or argument regarding any additional circumstances that affected her ability to timely file her appeal.

¶6      In support of her assertion that the agency caused her delay in filing, the appellant provided a declaration made under penalty of perjury recounting various conversations related to her termination and possible reinstatement. IAF, Tab 13 at 10-14. In her declaration, however, the appellant does not identify an instance after January 4, 2017—the date of the termination notice—in which an agency manager directly led her to believe that her termination would be rescinded. *Id.* Any suggestion that the appellant might have been reinstated came through the appellant's union representative, and there is no evidence that he was authorized to make a decision on the appellant's reinstatement. Under the circumstances, we find that the appellant failed to show that any agency official made misstatements that caused her to lose time in filing her appeal. Likewise, we find that the cases cited by the appellant in her petition for review do not support a finding that agency misrepresentation caused the appellant's filing delay. *See Shubinsky v. United States*, [488 F.2d 1003](Ct. Cl. 1973); *Gordy v. Merit Systems Protection Board*, [736 F.2d 1505](Fed. Cir. 1984); *Gometz v. Department of the Navy*, [69 M.S.P.R. 284](1996), *overruled on other grounds by Sturdy v. Department of the Army*, [88 M.S.P.R. 502](2001). Both *Shubinsky* and *Gometz* are distinguishable because, unlike here, there was a finding in those cases that the employees actually received inaccurate information from agency officials. And, *Gordy* is distinguishable from the instant case because, unlike the employee in *Gordy*, the appellant here was fully aware of the basis for the claim on which she could file a Board appeal before the filing deadline had passed.

¶7      Regarding the appellant's claim that the 4-day filing delay was minimal, in the absence of a showing of good cause, the Board has dismissed appeals as untimely filed when the filing delay was minimal. *Melendez v. Department of*

*Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (holding that, despite a 3-day delay, the Board would waive its filing time limit only upon a showing of good cause); *White v. Department of Justice*, 103 M.S.P.R. 312, ¶ 10 (2006) (addressing a 5-day filing delay and finding that the Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the delay is minimal), *aff'd*, 230 F. App'x 976 (Fed. Cir. 2007).

¶8    The appellant's assertion that the agency caused her untimely filing by not complying with the proper procedures for a suitability determination at 5 C.F.R. §§ 731.402-.404 is also unavailing.  Employees in the excepted service, like the appellant, are not covered by the suitability regulations identified by the appellant.  5 C.F.R. § 731.101.

¶9    In sum, we agree with the administrative judge's finding that the appellant's appeal was untimely filed and that she failed to show good cause for the filing delay.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.