**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SONGHUI MARTIN,
            Appellant,

    v.

DEPARTMENT OF DEFENSE,
            Agency.

DOCKET NUMBER
SF-0752-22-0196-I-2

DATE:  April 29, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Mt. Pleasant, South Carolina, for the appellant.

Douglas Frison, Esquire, APO, APO/FPO Pacific, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed this appeal asserting that the appellant's September 2020 resignation was involuntary.  The initial decision dismissed for lack of jurisdiction, while also finding the appeal untimely.  On petition for review, the appellant argues, among other things, that she made a nonfrivolous allegation of an involuntary

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

resignation entitling her to a hearing and that she showed good cause to excuse her delay in filing her appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[1] 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

### The appellant failed to establish jurisdiction.

On review, the appellant argues that the administrative judge improperly denied jurisdiction based on a summary review of the evidence, in which he weighed evidence in violation of *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Petition for Review (PFR) File, Tab 1 at 12-13, 16-17. In *Ferdon*, 60 M.S.P.R. at 329, the Board stated that in determining whether an appellant has made a nonfrivolous allegation of jurisdiction, an administrative judge may consider an agency's documentary submissions, but to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the Board may not weigh

---

[1] The appeal of the appellant's rescinded removal, *Martin v. Department of Defense*, MSPB Docket No. SF-0752-19-0687-I-4, will be adjudicated in a separate decision.

evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. It is apparent that the administrative judge centered his denial of jurisdiction on his review of the appellant's pleadings and evidence. *Martin v. Department of Defense*, MSPB Docket No. SF-0752-22-0196-I-2, Appeal File, Tab 7, Initial Decision (ID) at 13-20. Although the administrative judge considered the agency's evidence, ID at 16-19, we discern no instance in which he violated the proscriptions in *Ferdon* and find the appellant's claim to be without merit.

Next, we find that the appellant's claim that the administrative judge improperly relied on whistleblower reprisal cases also lacks merit. PFR File, Tab 1 at 15. We fail to see any instance in which the administrative judge relied on inapplicable case law concerning whistleblower reprisal in denying jurisdiction. ID at 13-20. Finally, we need not consider the new evidence the appellant files on review, including the information contained in her declaration, because she fails to show that it was unavailable, despite the exercise of due diligence, before the record closed below. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980); PFR File, Tab 1 at 22-28. In any event, we fail to discern how the evidence would establish jurisdiction. Accordingly, the appellant affords no basis to disturb the administrative judge's denial of jurisdiction.

The appellant failed to establish good cause for her untimely filing of her appeal.

To support her claim that good cause excused the untimely filing of her appeal, the appellant argues on review that a case the administrative judge relied upon in finding her appeal untimely filed, *Gordy v. Merit Systems Protection Board*, 736 F.2d 1505 (Fed. Cir. 1984), is inapplicable. PFR File, Tab 1 at 11. To the extent the appellant argues that there is a material difference between the facts of *Gordy* and her case, we agree. The petitioner's appeal in *Gordy* was found untimely filed because he was aware that the Board was the proper forum for his appeal over 3 months before he filed his Board appeal. 736 F.2d at 1508.

In contrast, the appellant's failure to meet her burden of showing diligence was due to her failure to present any evidence on appeal regarding when she learned of her appeal rights. Thus, although *Gordy* can be distinguished from the present case, the administrative judge's reliance on *Gordy* does not warrant disturbing his ultimate conclusion that the appeal was untimely filed.

Finally, among other new evidence she files on review, the appellant submits a sworn declaration in which she claims not to have learned that she could file a constructive removal appeal until she was so informed by her current representative in "late December, 2021." PFR File, Tab 1 at 23. Again, we need not consider the information contained in the declaration because the appellant fails to show that it was unavailable, despite the exercise of due diligence, before the record closed below. *Grassell*, 40 M.S.P.R. at 564.

Assuming, however, it is true that the appellant only became aware of her appeal rights in late December 2021, she fails to state when she learned of her appeal rights with sufficient precision to have shown good cause. The Board has found that appellants who were not afforded official notices of their appeal rights but who filed appeals within 30 days of discovering those rights showed sufficient diligence to establish good cause. *See, e.g., Carroll v. U.S. Postal Service*, 87 M.S.P.R. 570, ¶¶ 7, 11 (2001); *O'Leary v. Office of Personnel Management*, 86 M.S.P.R. 87, ¶¶ 13-14 (2000). However, the Board has upheld dismissals of appeals or petitions for review filed as little as 1 day late absent good cause. *Lands v. Department of the Air Force*, 95 M.S.P.R. 593, ¶¶ 2-3, 6-7 (2004); *Davis v. Department of the Navy*, 52 M.S.P.R 450, 453 (1992); *McAdory v. Department of Justice*, 6 M.S.P.R. 112, 114 (1981). Because late December 2021 could range from December 16 to December 31, the appellant's declaration fails to establish that she filed her January 27, 2022, appeal within 30 days from when she learned of her appeal rights. Further, the appellant should have known due to her prior appeal, in which she was represented, of the 30-day time limit for filing an appeal. 5 C.F.R. § 1201.22(b); *Martin v. Department of*

*Defense*, MSPB Docket No. SF-0752-19-0687-I-1, Initial Appeal File, Tab 1. She was also informed in the initial decision of the general 30-day deadline and of her burden to show that she was diligent in filing an appeal after she learned she could do so. ID at 12-13. Under these circumstances, we believe the appellant's claim regarding when she learned of her appeal rights fails to show good cause for her delay. The appellant also fails to show how the remainder of her new evidence warrants disturbing the initial decision on the timeliness issue.

### NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.